IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
JAMES MARIO PRIDGEN,                :
    Petitioner,                        :  CIVIL ACTION
:
    v.                                  :  NO. 00-4561
:
SHANNON                             :
    and                                 :
THE DISTRICT ATTORNEY OF THE        :
COUNTY OF LANCASTER                 :
    and                                 :
THE ATTORNEY GENERAL OF THE         :
STATE OF PENNSYLVANIA               :
    Respondents.                        :
_____:

DuBois, J.                                                                           March 21, 2013

**M E M O R A N D U M**

**I.    INTRODUCTION**

Petitioner, James Mario Pridgen, is currently serving a life sentence in Pennsylvania for his state conviction on a first-degree murder charge. Presently before the Court is Petitioner's 60(b) Motion Alleging that the Federal Courts Misapplied the Federal Statute of Limitations Set Out in § 2244(d). Petitioner argues that his original Petition for Writ of Habeas Corpus Pursuant to § 2254 was entitled to equitable tolling and that it was therefore properly filed within the applicable statute of limitations. The Court denies the Motion for the reasons set forth below.

**II.    BACKGROUND**

The facts of this case have been previously set forth in the opinions of this Court. See e.g., Pridgen v. Shannon, 2002 WL 31122131 (E.D. Pa. Sept. 26, 2002). Accordingly, the Court recounts only those facts necessary to resolve the issues presently before the Court.

1

Following his conviction and sentencing for first-degree murder, petitioner filed his first application for post-conviction relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541, et seq. on May 23, 1996. That PCRA petition was denied by the Court of Common Pleas, the denial was affirmed by the Superior Court, and on January 12, 1999 the Pennsylvania Supreme Court denied the petition for allowance of appeal.

While the PCRA appeal was pending in state court, on September 12, 1997, petitioner filed a Petition for Writ of Habeas Corpus in federal court under 28 U.S.C. § 2254. By Order dated December 10, 1997, this Court approved and adopted the Report and Recommendation of United States Magistrate Judge Charles Smith and dismissed the Petition without prejudice, on the ground that petitioner had failed to exhaust his state court remedies.

Petitioner then filed a second PCRA petition on February 22, 1999, which was dismissed by the state trial court as being barred by the applicable one-year state statute of limitations. Petitioner appealed this decision to the Superior Court, which affirmed the dismissal of the petition as untimely, and the Pennsylvania Supreme Court denied allowance of appeal on June 20, 2000.

Petitioner then filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court on July 24, 2000. That Petition was later withdrawn at petitioner's request. He filed a new Petition on September 8, 2000, which was considered by the Court. By Report and Recommendation, Magistrate Judge Charles Smith recommended that the § 2254 Petition be dismissed as untimely. That recommendation was based on section § 2244(d) of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 which provides a one-year statute of limitations period following direct review in the state courts within which a state prisoner may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244. § 2244(d)(2) provides

that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Magistrate Judge Smith concluded that because the second PCRA petition was dismissed as untimely by the state courts, it was not "properly filed," and thus could not act to toll the one-year time limit applicable under AEDPA. Petitioner thus had approximately eleven months from the final disposition of his first and only properly filed PCRA petition to file a petition for federal habeas relief, that is until December 13, 1999. Petitioner failed to do so; he did not file a petition for habeas relief until July 24, 2000, over seven months after the deadline passed, rendering the habeas Petition untimely. See Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004) (finding the July 24, 2000 submission date as untimely). By Order dated December 13, 2000, this Court approved and adopted the Report and Recommendation of Magistrate Judge Smith, and denied and dismissed the Petition for Writ of Habeas Corpus as time-barred under AEDPA.

In the instant 60(b) motion, petitioner seeks relief from that twelve-year old order of the Court. Petitioner alleges that the statute of limitations under AEDPA should have been equitably tolled during the pendency of his second PCRA petition. He states that Third Circuit precedent led him to believe that he was required to exhaust state remedies, and that as a consequence, the statute of limitations would be tolled during his proceedings in state court. Petitioner thus claims that the one (1) year limitations period should have been equitably tolled and that his habeas Petition was timely filed.

## III. DISCUSSION

The Court rejects petitioner's arguments on two grounds: (1) the instant motion was not filed within a "reasonable time" as required under Rule 60(b), and (2) petitioner has not shown extraordinary circumstances required for relief from the Court's Order of December 13, 2000.

### A. Reasonable Time

Petitioner does not specify precisely the provision of Rule 60(b) under which he seeks relief. As none of the specific grounds of relief in Rule 60(b)(1)-(5) are relevant to petitioner's Motion, the Court construes the Motion as seeking relief pursuant to Rule 60(b)(6), the catch-all provision which allows a court to consider "any other reason that justifies relief." Federal Rule of Civil Procedure 60(c)(1) states that any "motion under Rule 60(b) must be made within a reasonable time . . . . "

"What constitutes a reasonable time depends on the circumstances of each case . . . [Further,] relief under Rule 60(b)(6) is extraordinary because it can be given for 'any other reason justifying relief' and is not subject to an explicit time limit. Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6)." In re Diet Drugs Prod. Liab. Litig., 383 F. App'x 242, 246-47 (3d Cir. 2010).

Petitioner seeks relief from Court's Order dated December 13, 2000, now over twelve years old. In his Motion, petitioner provides no circumstances justifying the delay.[1] Having failed to allege any circumstances justifying the twelve-year delay in seeking relief, the Court denies petitioner's Rule 60(b) Motion as untimely filed. See also Zahl v. Harper, 403 F. App'x 729, 733-34 (3rd Cir. 2010) (holding that "eight years is without a doubt not a reasonable time to

---

[1] The Court notes that petitioner has made previous 60(b) motions, though none contained the instant arguments.

wait before seeking to reopen a judgment, including under the catch-all subparagraph (6) [of Rule 60(b)]").

B.     Extraordinary Circumstances

The Court further concludes that even if petitioner's Motion is timely filed, it is meritless. Generally, equitable tolling is proper only where petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Further, "a movant seeking relief under Rule 60(b)(6) [is required to] show extraordinary circumstances justifying the reopening of a final judgment . . . Such circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Petitioner's primary argument is that the Third Circuit decision Lovasz v. Vaughn, 134 F.3d 147 (3d Cir. 1998), instructed him to exhaust his state remedies, and informed him that his AEDPA filing period would be tolled during the pendency of his state proceedings. He argues that Lovasz functioned as the "extraordinary circumstance" that prevented him from timely filing his federal habeas claim, such that he was entitled to equitable tolling of the AEDPA statute of limitations. (Mot. at 5.)

The Court rejects petitioner's argument. The Lovasz opinion states explicitly that the AEDPA filing period may only be tolled where a petitioner "properly filed [an] application" for state post-conviction relief, meaning "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Lovasz court noted that "[a] Pennsylvania PCRA petitioner, for example, must file a motion with the clerk of the court in which he was convicted and sentenced . . . generally within one year of the date the judgment becomes final." Id. at 149.

At no point was petitioner ever prevented, by Lovasz or otherwise, from timely asserting his federal rights. Far from requiring petitioner to fully exhaust untimely state remedies, Lovasz held that the failure to follow state procedural requirements would bar tolling of the AEDPA statute of limitations. Petitioner's second PCRA petition was not "properly filed" and thus it did not toll the AEDPA statute of limitations. Further, any "misunderstanding of the exhaustion requirement is insufficient to excuse [petitioner's] failure to comply with the statute of limitations." Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999). Accordingly, petitioner has failed to show any extraordinary circumstance required to warrant applying equitable tolling.[2]

## IV. CONCLUSION

For the foregoing reasons the Court denies petitioner's 60(b) Motion.[3] An appropriate order follows.

---

[2] The Court notes that in ruling on an earlier 60(b) motion asserting that the second PCRA petition was properly filed, the Third Circuit held that "[n]o extraordinary circumstances are presented here that would warrant the District Court revisiting its prior decision that the habeas petition was untimely filed." Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004).

[3] Because the Court rejects petitioner's arguments under Rule 60(b), it is not necessary to address petitioner's arguments under the law of the case doctrine.