IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MARIO PRIDGEN,<br>    Petitioner,<br><br>    v.<br><br>SHANNON,<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF LANCASTER, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>    Respondents. | CIVIL ACTION<br><br><br><br><br>NO.  00-4561 |

DuBois, J.                                  April 2, 2015

**M E M O R A N D U M**

## I. INTRODUCTION

Petitioner James Mario Pridgen ("Pridgen") is currently serving a life sentence in Pennsylvania for his state conviction on a first-degree murder charge. Presently before the Court is Pridgen's Motion 60(b) Regarding the Filing, and Circumstances Surrounding the Disposition. Pridgen argues that his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was timely filed because he was entitled to equitable tolling. The Court dismisses the Motion as untimely for the reasons set forth below.

## II. BACKGROUND

The facts of this case have been set forth in previous opinions of this Court. See e.g., Pridgen v. Shannon, No. 00-4561, 2002 WL 31122131 (E.D. Pa. Sept. 26, 2002). Accordingly, the Court recounts only those facts necessary to resolve the issues presently before the Court.

Following his conviction and sentencing for first-degree murder, Pridgen filed his first application for post-conviction relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541, et seq. on May 23, 1996. That PCRA Petition was denied by

the Court of Common Pleas, and the denial was affirmed by the Superior Court.  On January 12, 1999, the Pennsylvania Supreme Court denied Pridgen's Petition for Allowance of Appeal.

While his PCRA appeal was pending in state court, on September 12, 1997, Pridgen filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court.  By Order dated December 10, 1997, this Court approved and adopted the Report and Recommendation of United States Magistrate Judge Charles Smith and dismissed the petition without prejudice, on the ground that Pridgen had failed to exhaust his state court remedies.

After the Pennsylvania Supreme Court denied Pridgen's Petition for Allowance of Appeal with respect to his first PCRA Petition, Pridgen filed a second PCRA Petition on February 22, 1999.  Pridgen's second PCRA Petition was dismissed by the state trial court as barred by the applicable one-year state statute of limitations.  Pridgen appealed this decision to the Superior Court, which affirmed the dismissal of the petition as untimely, and the Pennsylvania Supreme Court denied allowance of appeal on June 20, 2000.

Pridgen then filed a second Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court on July 24, 2000.  That petition was later withdrawn at Pridgen's request.  He filed a third petition on September 8, 2000, which was considered by the Court.  By Report and Recommendation, Magistrate Judge Charles Smith recommended that the § 2254 petition be dismissed as untimely.  That recommendation was based on § 2244(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides a one-year statute of limitations period, following direct review in state court, in which a state prisoner may file a Petition for Writ of Habeas Corpus.  Section 2244(d)(2) goes on to state that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Magistrate Judge Smith concluded that because Pridgen's second PCRA Petition was dismissed as untimely by the state courts, and as a consequence, was not "properly filed" within the meaning of the AEDPA, it did not serve to toll the one-year limitations period while pending. Thus, Pridgen had until December 13, 1999 to file a petition for federal habeas relief, and he failed to do so. Pridgen did not file a petition for habeas relief until July 24, 2000, over seven months after the deadline passed, rendering the habeas petition untimely. See Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004) (finding the July 24, 2000 submission untimely). By Order dated December 13, 2000, this Court approved and adopted the Report and Recommendation of Magistrate Judge Smith, and denied and dismissed the Petition for Writ of Habeas Corpus as time-barred under the AEDPA.

In the instant 60(b) Motion, Pridgen again seeks relief from the Court's Order dated December 13, 2000.[1]

## III. LEGAL STANDARD

Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

---

[1] This Motion is Pridgen's fifth Rule 60 motion challenging the Order of the Court dated December 13, 2000.

3

Fed. R. Civ. P. 60(b).  The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" United States v. Hernandez, 158 F. Supp. 2d 388, 392 (D. Del. 2001) (quoting Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981)).

## IV.  DISCUSSION

The Court construes Pridgen's argument in the instant Rule 60(b) Motion to be that the Court should have equitably tolled the AEDPA statute of limitations during the pendency of his second PCRA petition because Pennsylvania law regarding the PCRA time bar was uncertain at the time of filing.[2]  Pridgen does not specify the precise provision of Rule 60(b) under which he seeks relief.  As none of the specific grounds for relief stated in Rule 60(b)(1)-(5) apply to Pridgen's Motion, the Court construes the Motion as seeking relief pursuant to Rule 60(b)(6), the catch-all provision that allows a court to consider "any other reason that justifies relief."

### a. Applicability of the AEDPA Limitation on Second or Successive Habeas Petitions to a Motion Filed Under Federal Rule of Civil Procedure 60(b)

When addressing a Rule 60(b) motion in a habeas case, the Court must first determine whether the motion is, in essence, a second or successive habeas petition.  Such a decision is necessary because the AEDPA requires a petitioner to obtain certification from the court of

---

[2]   Pridgen attempts to clarify that "extraordinary circumstances existed in his case, which is [sic] not based solely on the uncertainty of Pennsylvania law, but on the unusual confluence of factors that has [sic] left petitioner, who is serving a life in prison without the possibility of parole, without notice of the forfeiture of his federal rights." (Motion to Define the Term Contained in Brief for 60(b) and Equitable Tolling, 2.)  However, Pridgen does not detail the factors to which he refers.

appeals authorizing the district court to address a second or successive habeas petition. See 28 U.S.C. § 2244(b)(3). Without such certification, this Court lacks jurisdiction to address a second or successive habeas petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007). A Rule 60(b) motion will be construed as a second or successive habeas petition when a petitioner challenges his underlying conviction rather than the manner in which his previous habeas petition was decided. See Gonzalez v. Crosby, 545 U.S. 545 U.S. 524, 531 (2005); Pridgen v. Shannon, 380 F.3d at 727.

The Court concludes that Pridgen's Rule 60(b) Motion should be treated as a motion properly filed under Rule 60(b) in that it does not challenge the Court's previous rulings on the merits, but instead purports to challenge the propriety of the Court's application of the AEDPA's statute of limitations. Gonzalez, 545 U.S. at 535-36 ("Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition."); see, e.g., Akiens v. Wynder, No. 06-5239, 2014 WL 1202746, at *2 (E.D. Pa. Mar. 24, 2014) (construing motion as Rule 60(b) motion to the extent petitioner challenged district court's application of the AEDPA statute of limitations) (citing Pridgen, 380 F.3d at 727); Fraticelli v. Piazza, No. 08-688, 2008 WL 2152058, at *4 (E.D. Pa. May 22, 2008) (same).

 **b. Timeliness of Rule 60(b) Motion**

"All motions filed pursuant to Rule 60(b) must be made within a 'reasonable time.'" In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010). "What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case." Id. (citation omitted). "As a general matter, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless 'extraordinary

circumstances' excuse the [party's] failure to proceed sooner." Ortiz v. Pierce, No. 08-487, 2014 WL 3909138, at *1 (D. Del. Aug. 11, 2014) (citing Ackerman v. United States, 340 U.S. 193, 202 (1950)).

The Court concludes that Pridgen's Motion, in which he seeks relief from the Court's Order dated December 13, 2000, was not brought within "a reasonable time." Pridgen filed this Motion more than fourteen years after the entry of the Court's Order, and the facts and conduct that form the basis of the Motion have been known to Pridgen since that time. He fails to detail any circumstances, let alone "extraordinary circumstances," which justify the lengthy delay in filing. See Zahl v. Harper, 403 F. App'x 729, 733-34 (3d Cir. 2010) (holding that "eight years is without a doubt not a reasonable time to wait before seeking to reopen a judgment, including under the catch-all subparagraph (6) [of Rule 60(b)]"); Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) Motion untimely when brought two years after the district court's initial judgment); Garcia v. Varner, No. 00-3668, 2014 WL 2777398, at *5 (E.D. Pa. June 19, 2014) (petitioner's claim for equitable tolling of the AEDPA limitations period untimely where it was raised twelve years after his original habeas petition was denied). Thus, the Court dismisses Pridgen's Rule 60(b) Motion as untimely.

## V.     A Certificate of Appealability Will Not Issue

A certificate of appealability shall issue only if a petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c). The Court concludes that Pridgen has not made such a showing with respect to his Motion. Thus, a certificate of appealability will not issue.

**VI.     CONCLUSION**

For the foregoing reasons the Court dismisses Pridgen's 60(b) Motion as untimely. An appropriate order follows.